```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ISAAC MIKE ABERGEL,<br><br>      Plaintiff,<br><br>-against-<br><br>NEW YORK STATE GAMING COMMISSION,<br><br>      Defendant. | 19-CV-5680 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated July 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Isaac Mike Abergel brings this complaint using a form complaint for a civil case, available from the www.uscourts.gov website. He does not indicate the basis for federal court jurisdiction, nor does he list specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in this case.

Plaintiff alleges:

> I won a $60,000 Pac Man ticket, ticket was misplaced[.] I advised the ticket number to security department to claim the prize security department refused to pay me my money. I am a victim of fraud by the security department of the New York State Gaming Commission.

(Compl. at 5.)

Plaintiff seeks $1 million in monetary damages.

## DISCUSSION

**A.  Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1.  **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Because Plaintiff's claim of fraud does not arise under a federal statute or the United States Constitution, this Court lacks federal question jurisdiction.

2.  **Diversity of Citizenship Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Because Plaintiff and Defendant are both located in New York, and Plaintiff does not allege that his claim satisfies the jurisdictional amount, this Court lacks diversity jurisdiction over his claims.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**B.      Litigation History**

Beginning June 18, 2019, Plaintiff has filed 40 other cases in this Court. *See Abergel v. Facebook, Inc.*, No. 19-CV-6474 (UA) (filed July 9, 2019); *Abergel v. California*, No. 19-CV-6417 (UA) (filed July 9, 2019); *Abergel v. NewPort Pleasure*, No. 19-CV-6416 (UA) (filed July 9, 2019); *Abergel v. Midwest Recovery Sys., LLC*, 19-CV-6145 (UA) (filed July 9, 2019); *Abergel v. Stig, Inc.*, No. 19-CV-6414 (UA) (filed July 9, 2019); *Abergel v. California Franchise Tax Bd.*, No. 19-CV-6413 (UA) (filed July 9, 2019); *Abergel v. Experian*, No. 19-CV-6412 (UA) (S.D.N.Y. July 9, 2019); *Abergel v. Diversified Consultants, Inc.*, No. 19-CV-6411 (UA) (filed July 9, 2019); *Abergel v. Sprint Corp.*, No. 19-CV-6410 (UA) (filed July 9, 2019); *Abergel v. Red Bull N. Am.*, No. 19-CV-6409 (UA) (filed July 9, 2019); *Abergel v. New York*, No. 19-CV-6408 (UA) (filed July 9, 2019); *Abergel v. Rockstar, Inc.*, No. 19-CV-6407 (UA) (filed July 9, 2019); *Abergel v. Apple, Inc.*, No. 19-CV-6406 (UA) (filed July 9, 2019); *Abergel v. Monster Beverage Corp.*, No. 19-CV-6405 (UA) (filed July 9, 2019); *Abergel v. Experian*, No. 19-CV-6404 (UA) (filed July 9, 2019); *Abergel v. TransUnion*, No. 19-CV-6403 (UA) (filed July 9, 2019); *Abergel v. Bolthouse Juice Prod., LLC*, No. 19-CV-6402 (UA) (filed July 9, 2019); *Abergel v. Miamonides Hosp.*, No. 19-CV-6401 (UA) (filed July 9, 2019); *Abergel v. Equifax*, No. 19-CV-6400 (UA) (filed July 9, 2019); *Abergel v. New York*, No. 19-CV-6399 (UA) (filed July 9, 2019); *Abergel v. Verizon*, No. 19-CV-6398 (UA) (filed July 9, 2019); *Abergel v. Soc. Sec. Admin.*, No. 19-CV-6340 (UA) (filed July 8, 2019); *Abergel v. Atlas Recovery Sober Living*,

No. 19-CV-6339 (UA) (filed July 8, 2019); *Abergel v. Juul Labs, Inc.*, No. 19-CV-6337 (UA) (filed July 8, 2019); *Abergel v. PAX Labs, Inc.*, No. 19-CV-6336 (UA) (filed July 8, 2019); *Abergel v. Energy Beverages, LLC*, No. 19-CV-6335 (UA) (filed July 8, 2019); *Abergel v. Prof'l Claims Bureau*, No. 19-CV-6334 (UA) (filed July 8, 2019); *Abergel v. The Money Store*, No. 19-CV-6285 (UA) (filed July 2, 2019); *Abergel v. Yahoo! Inc.*, No. 19-CV-6281 (UA) (filed July 7, 2019); *Abergel v. New York Lottery*, No. 19-CV-6088 (CM) (filed June 28, 2019); *Abergel v. Resorts World Casino*, No. 19-CV-6040 (CM) (filed June 27, 2019); *Abergel v. Midland Credit Mgmt, Inc.*, No. 19-CV-6039 (UA) (filed June 26, 2019); *Abergel v. Zip Recruiter*, No. 19-CV-5936 (CM) (filed June 25, 2019); *Abergel v. Fundomate LLC*, No. 19-CV-5884 (CM)( filed June 20, 2019); *Abergel v. Toyota Motor Sales, U.S.A., Inc.*, No. 19-CV-5883 (CM) (filed June 20, 2019); *Abergel v. Dover Downs Hotel & Casino*, No. 19-CV-5765 (CM) (S.D.N.Y. June 24, 2019) (transferring case to the United States District Court for the District of Delaware); *Abergel v. Gracie Square Hosp.*, No. 19-CV-5689 (CM) (filed June 18, 2019): *Abergel v. Janssen Pharm., Inc.*, No. 19-CV-5681 (CM) (filed June 18, 2019); *Abergel v. Vital Pharm, Inc.*, No. 19-CV-5679 (CM) (filed June 18, 2019). *Abergel v. Equifax*, No. 19-CV-5678 (LLS) (S.D.N.Y. July 12, 2019) (dismissing complaint for failure to state a claim).

Plaintiff is warned that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

5

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 12, 2019
        New York, New York

                                              Louis L. Stanton
                                                 U.S.D.J.